RECEIVED
USDC, CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA    2009 APR -2  A 11: 36
CHARLESTON DIVISION

| | | |
|---|---|---|
| **BANKERS INSURANCE COMPANY,** | ) | C/A 2:08-2061-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ERICA RUSSELL,** a/k/a **ERICA MOORE,** | ) | |
| **TYRONE MOORE, JOHN DOE,** a plaintiff | ) | |
| in Berkeley County South Carolina Court of | ) | **REPORT AND RECOMMENDATION** |
| Common Pleas Civil Action No. 2007-CP-08-111, | ) | |
| and additional **JOHN DOE** victims, the | ) | |
| identity and number of whom is presently | ) | |
| unknown to this Plaintiff, | ) | |
| | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff seeking a declaratory judgment with respect to a policy of homeowners insurance originally issued by the Plaintiff on or about April 23, 2002 to the Defendant Erica Russell. Erica Russell, also known as Erica Moore, is the wife of the Defendant Tyrone Moore.

The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 19, 2008. Since the Defendant Tyrone Moore is proceeding pro se; see Court Docket No. 13; a Roseboro order was entered by the Court on October 16, 2008, advising the Defendant of the importance of a motion for summary judgment and of the need for him to file an adequate response. However, while the Defendant Erica Russell filed a memorandum in opposition to the

1

motion on December 19, 2008[1], the Defendant Tyrone Moore failed to file any response to the Plaintiff's motion. The Defendant John Doe, who is represented by counsel, also did not file a response to the motion for summary judgment. Plaintiff filed a reply memorandum to Erica Russell's response on December 29, 2008.

Plaintiff's motion is now before the Court for disposition.[2]

## Background and Evidence

The background leading up to the filing of this case is not in dispute. The Defendant Tyrone Moore is a pastor at Full Word Ministries in North Charleston, South Carolina, and has been accused of sexually molesting or assaulting numerous John Doe defendants. As of the filing of the complaint, Tyrone Moore was facing criminal charges for these alleged assaults.

The Defendant John Doe filed a lawsuit in the South Carolina Court of Common Pleas on or about January 16, 2007 against the Defendant Erica Russell, Full Word Ministries, and three of its deacons alleging personal injury arising out of acts of sexual molestation perpetrated by the Defendant Tyrone Moore between the years 2001 and 2005. The complaint alleges that acts of sexual molestation took place at Full Word Ministries, as well as at two properties owned by the Defendant Erica Russell in Goose Creek, South Carolina and North Charleston, South Carolina. The complaint further alleges that, prior to founding Full Word Ministries in 2001, Tyrone Moore had been twice convicted of child sexual abuse, was a registered sex offender, and that the Defendant

---

[1]Although initially answering pro se, the Defendant Erica Russell is now represented by counsel. See Court Docket No. 36.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Erica Russell was negligent in failing to warn or protect John Doe, and that she knew of her husband's deviant sexual propensities and knew of or should have known that her husband was sexually abusing Doe and other minors whom he brought to her home. <u>See</u> Plaintiff's Exhibit A.

In addition to the John Doe who has brought the cited legal action in the South Carolina Court of Common Pleas, the complaint alleges that there are additional John Does presently unknown to the plaintiff who have made criminal allegations of sexual molestation or sexual assault against the Defendant Tyrone Moore, and who may initiate civil actions or otherwise make claims against Moore or the Defendant Erica Russell alleging personal injury arising out of the alleged acts of sexual molestation.

<u>Discussion</u>

The policy of homeowner's insurance issue to Erica Russell on or about April 23, 2002 (Policy No. 39-0004064612-00) was for the insured location of 196 Two Pond Loop in Ladson, South Carolina, and was for the policy period April 23, 2002 to April 23, 2003. This policy was thereafter renewed for the period of April 23, 2003 to April 23, 2004. <u>See</u> Plaintiff's Exhibits B and C. While raising a variety of issues in its complaint for declaratory judgment, the only basis on which Plaintiff has moved for summary judgment is on the ground that, under South Carolina law, Tyrone Moore has no coverage under the cited policies, while claims of negligence such as those asserted against Erica Russell are excluded from coverage under these policies where they arise out of sexual molestation.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

3



law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Plaintiff is entitled to summary judgment in this case.

In a declaratory judgment action, the insurance company's obligation to defend and indemnify is determined by the allegations of the complaint. <u>Manufacturers and Merchants Mutual Insurance Company v. Harvey</u>, 498 S.E.2d 222, 227 (S.C. Ct App. 1998); <u>R. A. Earnhardt Textile Machinery Div. Inc. v. South Carolina Ins. Co.</u>, 282 S.E.2d 856 (S.C. 1981). The underlying state complaint in this case alleges that the Defendant Tyrone Moore intentionally committed the alleged acts and that Erica Russell was negligent for failing to protect the minor John Doe(s) where she knew of her husband's deviant sexual propensities and either knew or should have known that her husband was sexually abusing minors. <u>Plaintiff's Exhibit A</u>. It is undisputed that the policies at issue provide coverage for accidental losses that were "occurrences" under the policy, and that negligent conduct by an insured would constitute an "occurrence" under the policy. <u>Plaintiff's Exhibits B and C</u>, p. 1, ¶ 5; <u>see</u> <u>Harvey</u>, 498 S.E.2d at 229 [negligence constitutes an "occurrence" where occurrence is defined as "an accident during a policy period which results in bodily injury or property damage"].

However, although negligence by an insured is covered under the homeowner policies at issue, and negligence is what has been alleged against the Defendant Erica Russell in the complaint, these findings do not protect the Defendants from summary judgment in this case. While the insurance policies at issue provide personal liability and medical payment coverage to the insured



for damages arising out of bodily injury or property damage caused by an occurrence (which includes negligence by the insurer), both insurance policies specifically exclude from such coverage any damages which may be payable, even as a result of negligence by the insured, "[a]rising out of sexual molestation . . . or physical or mental abuse . . . ." <u>Plaintiff's Exhibits B and C</u>, p. 13, ¶ k.

The Defendant Russell argues that <u>Harvey</u> stands for the proposition that claims of negligence against an insured can be pursued in cases of sexual molestation; however, the holding in that case is based on different facts. In <u>Harvey</u>, the South Carolina Court of Appeals held that a claim of negligence against the insured for failing to prevent acts of sexual abuse against minor grandchildren could proceed because negligence was an "occurrence" covered under the policy, and was not excluded by the "intentional acts exclusion" in the insurance policies. Here, Plaintiff does not argue that the claims against Erica Russell should be denied coverage based on an "intentional acts" exclusion in the insurance polices. Rather, Plaintiff argues that coverage should be denied because the *negligence* claims in the case at bar are excluded from coverage by a specific sexual molestation exclusion in the policy. There is no indication that any such exclusion of coverage for such "occurrences" was present in the policy in <u>Harvey</u>, which only addressed whether claims of negligence were excludable as intentional acts. That is not the case here, and the Plaintiff further correctly notes that this same conclusion (that negligence claims relating to sexual molestation are subject to exclusion clauses) has been reached by other state courts that have considered this question. <u>See</u> <u>Allstate Ins. Co. v. Bates</u>, 185 F.Supp.2d 607, 612 (E.D.N.C. 2000); <u>West American Ins. Co. v. Embry</u>, No. 04-47, 2005 WL 1026185 (W.D.Ky. 2005); <u>Philbrick v. Liberty Mut. Fire Ins. Co.</u>, 934 A.2d 582, 585 (N.H. 2007); <u>Fire Ins. Exchange v. Cornell</u>, 90 P.3d 978 (Nev. 2004); <u>cf.</u> <u>McPherson v. Michigan Mut. Ins. Co.</u>, 426 S.E.2d 770, 772 (S.C. 1993); <u>Sphere Drake Ins. Co. v.</u>



Litchfield, 438 S.E.2d 275 (S.C. Ct. App. 1993); Allstate Ins. Co. v. Berge, 522 F.Supp. 2d 1180 (D.N.D. 2007). Therefore, the Defendant Erica Russell is not entitled to coverage under the Plaintiff's insurance policies for the negligence claims set forth in the state complaint.

Finally, Plaintiff makes the argument in its brief that the Defendant Tyrone Moore is also not entitled to coverage since he is alleged to be the perpetrator of the sexual assaults. As previously noted, Tyrone Moore did not file a response to Plaintiff's motion for summary judgment, nor does the Defendant Erica Russell argue anywhere in her brief that Tyrone Moore is entitled to coverage under the Plaintiff's insurance policies. Indeed, the Harvey case previously cited definitively holds that, as the alleged perpetrator of the child molestation, Tyrone Moore would not be entitled to coverage. Harvey, 498 S.E.2d at 227.

## Conclusion

Based on the foregoing, the undersigned finds that the Plaintiff is entitled to a declaratory ruling from this Court that its insurance policies (Exhibits B and C to Plaintiff's Motion) do not provide coverage for Tyrone Moore's alleged molestation of John Doe or other minors, nor do they provide coverage for claims of negligence against Erica Russell as set forth in the state court complaint. Therefore, Plaintiff's motion for summary judgment should be **granted**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 1, 2009
Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

