IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bankers Insurance Company, ) | |
| ) | C/A No. 2:08-2061-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Erica Russell a/k/a Erica Moore, Tyrone ) | |
| Moore, John Doe, a plaintiff in Berkeley ) | |
| County, South Carolina Court of Common ) | |
| Pleas Civil Action No. 2007-CP-08-111, ) | **O R D E R** |
| and additional John Doe victims, the ) | |
| identity and number of whom is presently ) | |
| unknown to this Plaintiff, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bankers Insurance Company ("Bankers") provided policies of homeowners insurance to Defendant Russell at certain property in Ladson, South Carolina (the "Policies"). Complaint, ¶ 9. Defendant Russell is married to Defendant Tyrone Moore, a pastor at Full Word Ministries in North Charleston, South Carolina. Defendant Moore has been arrested and charged of sexually molesting or assaulting numerous victims identified as additional John Doe victims hereinabove. Id., ¶¶ 10-12.

According to Bankers, Defendant John Doe filed an action in the Court of Common Pleas for Berkeley County, South Carolina, against Defendant Russell and Full Word Ministries and three of its deacons. Defendant John Doe alleges personal injury arising out of the sexual molestation allegedly perpetrated by Defendant Moore between 2001 and 2005. Id., ¶ 13. In the state court case, Defendant John Doe alleges, among other things, that Defendant Russell was negligent in failing to warn or protect Doe in that she knew of her husband's alleged deviant sexual propensities and knew

or should have known that he was sexually abusing Defendant Doe and other minors whom he brought to her home. Id., ¶ 15.

Bankers brings this action seeking a declaration that:

26. Any claims made or suits brought by the Doe Defendants against Defendant Tyrone Moore or Defendant Erica Russell a/k/a Erica Moore alleging personal injury arising out of acts of sexual molestation perpetrated by Defendant Tyrone Moore do not constitute an "occurrence" as defined in Bankers' policy.

27. Any claims made or suits brought by the Doe Defendants against Defendant Tyrone Moore or Defendant Erica Russell a/k/a Erica Moore alleging personal injury arising out of acts of sexual molestation perpetrated by Defendant Tyrone Moore fall within the policy exclusion for bodily injury "arising out of sexual molestation, corporal punishment or physical or mental abuse."

28. Any claims made or suits brought by the Doe Defendants against Defendant Tyrone Moore or Defendant Erica Russell a/k/a Erica Moore alleging personal injury arising out of acts of sexual molestation perpetrated by Defendant Tyrone Moore fall within the policy exclusion for bodily injury "which is expected or intended by one or more insureds."

29. The allegations made by Defendant John Doe, a plaintiff in Berkeley County South Carolina Court of Common Pleas Civil Action No. 2007-CP-08-111, fall within the policy exclusion for bodily injury "arising out of a premises owned by an insured . . . that is not an 'insured location.'"

30. Bankers' policy is void or voidable in that Defendant Erica Russell a/k/a Erica Moore "intentionally concealed or misrepresented" the material fact or circumstance that she was married to a twice convicted, registered sex offender and "made false statements relating to this insurance" in completing her application in which she indicated that she was not married.

31. Bankers' policy is void or voidable in that Bankers' first received notice of the Doe complaint in January of 2008, over one year after the complaint was filed and 14 months after Defendant Tyrone Moore was first charged with sexually molesting or abusing one or more of the Doe Defendants.

32. Bankers' policy does not provide coverage for any claims made or suits brought by the Doe Defendants against Defendant Tyrone Moore or Defendant Erica Russell a/k/a Erica Moore and Bankers does not have a duty to defend or indemnify Defendant Tyrone Moore or Defendant Erica Russell a/k/a Erica Moore

in connection with any claims made or suits brought by the Doe Defendants. Complaint, ¶¶ 26-32.

This matter is before the court on motion for summary judgment filed by Bankers on September 19, 2008 (Entry 30). Because Defendants Russell and Moore were proceeding pro se, an order was filed October 16, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising these Defendants of the summary judgment procedure and the consequences of failing to respond adequately. On November 12, 2008, an attorney made an appearance on behalf of Defendant Russell. Defendant Russell thereafter filed a memorandum in opposition to Bankers' motion for summary judgment on December 19, 2008, to which Bankers filed a reply on December 29, 2008. Bankers filed a supplement to its reply on January 22, 2008. Defendant Moore did not respond to Plaintiff's motion for summary judgment. Defendant John Doe, who is represented by counsel, also did not file a response to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On April 2, 2009, the Magistrate Judge issued a Report and Recommendation in which he determined that Bankers is entitled to a declaratory ruling that the Policies do not provide coverage for Defendant Moore's alleged molestation of Defendant John Doe or other minors, and that they do not provide coverage for claims of negligence against Defendant Russell as set forth in the state court complaint. Accordingly, the Magistrate Judge recommended that Bankers' motion for summary judgment be granted. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.  The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Bankers' motion for summary judgment (Entry 30) is **granted**.  The court declares that the Policies fail to provide coverage for claims made as set forth and for the reasons stated in the Report and Recommendation and as requested in paragraphs 26 through 32 of the Complaint.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

April 28, 2009

**NOTICE OF RIGHT TO APPEAL**
**Defendants are hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**